IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NAIROBI TEASLEY, | : | |
| | : | Case No. C-1-00-998 |
| Petitioner, | : | |
| | : | Judge Spiegel |
| v. | : | |
| | : | Magistrate Judge Sherman |
| ANTHONY BRIGANO, Warden, | : | |
| | : | |
| Respondent. | : | **HABEAS CORPUS** |

**Respondent's Opposition to Petitioner's Objections
to the Report and Recommendation**

Now comes Respondent, by and through counsel, to respond to the objection to the Report and Recommendation lodged by Petitioner Nairobi Teasley.

**I.    The Magistrate Judge's finding that Teasley's counsel was not ineffective was correct.**

It is evident that Teasley would like the facts to be different than they are. The state court and the Magistrate Judge credited different facts than Teasley again highlights in his objections. Thus both the state courts and the Magistrate Judge understandably reached a different conclusion than Teasley urges.

It is also evident that Teasley would prefer that this court engage in a *de novo* review of the state court's conclusion that Teasley did not suffer from ineffective assistance of counsel. Only *de novo* review would permit this court to accept the facts as Teasley formulates them, and ignore the facts that the

state court credited in finding Teasley's claim meritless. But *de novo* review is not permitted in this forum. The standard of review here is governed by 28 U.S.C. §2254. The state court's adjudication of constitutional claims must be preserved unless they are contrary to, or an incorrect and unreasonable application of Supreme Court precedent. 28 U.S.C. §2254(d). The state court's determination of the facts in entitled to deference unless it can be shown by "clear and convincing evidence" that they are incorrect. 28 U.S.C. §2254(e).

Regardless, Teasley's rapid-fire recitation of facts he finds favorable to his claim is not helpful. Respondent could do the same thing. Teasley had a history of failing to cooperate with his attorneys, as Herb Freeman, Teasley's trial counsel, was his fourth attorney representing him on this charge. Tr. p. 13. Freeman testified that he "stuck [his] head in and asked if he [Teasley] wanted to talk to me several times," in attempting to communicate with his client at the jail. Depo. Tr. p. 20. There would have been no record on the Sheriff's log of those attempts to communicate with Teasley. Tr. p. 24. Working with Teasley was a "unique situation" because of the "highly irregular" way Teasley interacted with Freeman. Tr. p. 25. Teasley once hid in the jail holding cell to avoid a pretrial hearing. The Sheriff had to empty on the holding cell of 50 to 60 prisoners in order to locate Teasley hiding under bench. Tr. p. 26-27.

On the occasion that Teasley's mother and brother showed up unexpectedly and without an appointment, Freeman was ready and willing to meet with them, but they were unwilling to suffer the indignity of waiting until Freeman was finished with the appointment that he already had in his office and left. Tr. p. 29, 64. Freeman <u>never</u> turned the family away and <u>never refused</u> to speak to them. Tr. p. 84. In fact, "both mom and John had been given on a couple of occasions my business card and encouraged to call" Freeman. Tr. p. 62. But it was Teasley's mom's choice not to have more frequent contact with Freeman. Tr. p. 61-62. Although Freeman was successful in speaking to the mother on the phone on several occasions, Tr. p. 71, generally the family was an obstacle to "normal trial preparation." Tr. p. 69.

Freeman attempted "several times" to get from Teasley information about the alibi he claimed to have. Tr. 49-50. But Teasley continually refused to see him in person at the jail, and Freeman's letters to Teasley went unanswered. *Id*. However, Freeman did accept several phone calls from Teasley. Tr. p. 89.

Futhermore, examination of the trial transcript demonstrates that Freeman was well-prepared to cross-examine the state's witnesses and present his own.

3

The state court was correct to find in the direct appeal that Freeman was constitutionally effective. The state court applied the standard announced in *Strickland v. Washington*, 466 U.S. 644 (1984) and found that Freeman's performance was not deficient and did not prejudice Teasley.

**II.   The state court address all of Teasley's claims of ineffective counsel to the extent that they were actually presented for review.**

Teasley's argument that the state court's adjudication was deficient because it did not address all of the Teasley's claims is specious. As Respondent argued in his supplemental Return of Writ, this is because Teasley did not present the "failure to investigate" claim to the court of appeals. Teasley goes on and on and on for pages about the Freeman's failure to meet with him and his family, and to investigate the alibi defense. But he never made these allegations to the court of appeals in the direct appeal. In fact, in his brief to that court, he admits that the there was "nothing in the record" about any investigation of the alibi. Return of Writ, Exhibit D, p. 13. This is an admission that the claim was outside the record and properly brought in post-conviction relief. To claim now not only that the claim was properly raised on direct appeal but also that the state court failed to examine the claim is the very definition of chutzpah. It is simply incredible to suggest that an attorney's pre-trial investigation of an alibi defense would be sufficiently spread on the record to enable a court of appeals to make the determination of whether that investigation was sufficient. Yet Teasley is

4

forced to make this fanciful argument, since his post-conviction petition (where the claim *was* raised, and properly so) is unquestionably procedurally defaulted.

Essentially, Teasley would like this Court to read into his appellate brief the claim that he presents here, but not into the state Court's opinion an adjudication of the claim. Either Teasley's "failure to investigate" claim is included in his arguments to the court of appeals and was addressed by that Court or it was not. If so, the state Court properly addressed the claim with the proper standard of review. If not, the claim has been procedurally defaulted.

### III. The Magistrate Judge properly concluded that no constitutionally recognized conflict existed here.

The Magistrate Judge's holding on this point was correct. Respondent has nothing to add to his analysis of this claim, except to point out that Freeman clearly and emphatically addressed the possibility of a conflict at the outset of the trial, and neither his client, Teasley or the court felt that there was any obstacle to Freeman's representation of Teasley. Tr. p. 80-83.

**Conclusion**

The Magistrate Judge's report and recommendation should be adopted and this case should be dismissed.

Respectfully submitted,

JIM PETRO
Attorney General


s/M. Scott Criss
M. SCOTT CRISS  (0068105)
Assistant Attorney General
Corrections Litigation Section
140 E. Town Street, 14th Floor
Columbus, Ohio  43215
(614) 644-7233
(614) 728-9327 facsimile
scriss@ag.state.oh.us

Trial Attorney for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2003, a copy of the foregoing *Respondent's Opposition to Petitioner's Objections to the Report and Recom*mendation was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ M. Scott Criss
M. SCOTT CRISS (0068105)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street, 14th Floor
Columbus, Ohio 43215-6001
(614) 644-7233
(614) 728-9327 facsimile
scriss@ag.state.oh.us

Trial Attorney for Respondent
