UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NAIROBI TEASLEY, | : | NO. 1:00-CV-00998 |
| | : | |
| Petitioner, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BRIGANO, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 34), Petitioner's Objections (doc. 36), and Respondent's Opposition to Petitioner's Objections (doc. 38).

**I.  Background**

Petitioner Nairobi Teasley, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). On December 12, 1997, a jury found Petitioner guilty of aggravated murder as defined by Ohio Rev. Code § 2903.01(A) with two firearm specifications (Id.). For aggravated murder, the court sentenced Petitioner to a term of incarceration for life, without the possibility of parole for twenty years, with a consecutive term of three years based on the gun specification (Id.).

Petitioner would spend the next three years challenging his sentence. The procedural history, offered in greater detail in the Magistrate Judge's Report and Recommendation, merits a brief

overview.

Petitioner first challenged his sentence in the Ohio Court of Appeals, arguing that 1) he did not receive a fair trial because of ineffective assistance of counsel, 2) the court below abused its discretion in not permitting him to represent himself, and 3) prosecutorial misconduct deprived him of a fair trial (Id.). On April 30, 1999, the Ohio Court of Appeals overruled each assignment of error and affirmed the judgment of the trial court (Id.). Petitioner appealed next to the Ohio Supreme Court, which on September 1, 1999, denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Id.).

On November 22, 1999, Petitioner returned to the Ohio Court of Appeals and filed a delayed application for reopening the appeal pursuant to Ohio Appellate Rule 26(b) (Id.). Petitioner argued that his appellate counsel was ineffective for failing to argue the following issue on appeal: that his right to effective representation was violated when defense counsel is a listed victim in an indictment relating to the matter on trial and fails to withdraw from representation (Id.). On June 8, 2000, the Ohio Court of Appeals denied Petitioner's application because Petitioner failed to show good cause for his untimely filing (Id.). Petitioner did not appeal this holding to the Ohio Supreme Court (Id.).

On September 10, 1999, Petitioner filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 alleging that trial counsel was ineffective in his preparation and

investigation of Petitioner's case, which the trial court dismissed as untimely (Id.). Petitioner appealed such holding to the Ohio Court of Appeals, arguing the trial court erred in dismissing the post-conviction petition as untimely without first making conclusions of fact and law on whether the requirements of Section 2953.23 had been satisfied (Id.). The Court of Appeals affirmed the judgment of the trial court. Upon subsequent appeal, on December 20, 2000, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question (Id.).

On November 29, 2000, Petitioner filed the instant writ of habeas corpus based on the theory of ineffective assistance of counsel, for which he provided ten separate grounds. Petitioner also based his petition on theories of prosecutorial misconduct and the theory he was denied his right to self-representation (Id.). Respondent argues that part of Petitioner's first and second claims are waived due to a procedural default in the state courts and that all of Petitioner's claims lack merit (Id.).

**II. Discussion**

   **A. Petitioner's Ineffective Assistance of Counsel Claim**

The Magistrate Judge first found that Petitioner fairly presented all of his claims for ineffective assistance of counsel to the Ohio courts, and therefore that he has not waived any of them due to procedural default. The Magistrate Judge then gave a thorough review of the law of habeas corpus, and articulated the Strickland

3

test for ineffective assistance of counsel, as found in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The Sixth Amendment provides, in pertinent part, that, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Inherent in the right to counsel is the right to effective assistance of counsel. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344 (1980); <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n. 14 (1970); <u>see also</u> <u>Strickland</u>, 466 U.S. at 686. According to the Supreme Court, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." <u>Strickland</u>, 446 U.S. at 686; <u>Combs v. Coyle</u>, 205 F.3d 269, 277 (6th Cir. 2000) (quoting same). A two-prong test directs a court's evaluation of a claim of ineffectiveness:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Strickland</u>, 466 U.S. at 687; <u>see also</u> <u>Combs</u>, 205 F.3d at 277; <u>Tucker v. Prelesnik</u>, 181 F.3d 747, 754 (6th Cir. 1999); <u>Chandler v. Jones</u>, 813 F.2d 773, 781 (6th Cir. 1987).

The performance prong of the <u>Strickland</u> test requires a

petitioner raising a claim of ineffectiveness to show that his counsel's representation fell below an objective standard of reasonableness, or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; see also Kimmelman v. Morrison, 477 U.S. 365, 386 (1986).  As the Sixth Circuit noted, "[j]udicial scrutiny of performance is highly deferential, and '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Combs, 205 F.3d at 278 (quoting Strickland, 466 U.S. at 689).  The Supreme Court cautions against a determination of ineffectiveness based on the tactical choices of an attorney, emphasizing that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91; see also Kimmelman, 477 U.S. at 384-85; Combs, 205 F.3d at 278 (quoting same); Meeks v. Bergen, 749 F.2d 322, 328 (6th Cir. 1984).

If the Petitioner shows that his counsel's representation fell below a reasonable standard, then the Petitioner must satisfy the prejudice prong of the Strickland test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional

5

errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Supreme Court explained that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In evaluating whether a petitioner satisfies the prejudice prong, a court must ask "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (citing Strickland, 466 U.S. at 687); see also Combs, 205 F.3d at 278 (quoting same); Tucker, 181 F.3d at 754-55; Chandler, 813 F.2d at 781-82.

The Magistrate Judge parsed through each of Petitioner's ten grounds for ineffective assistance of counsel, and found them lacking in merit. Petitioner first asserts that his trial counsel failed to investigate and prepare witnesses. The Magistrate Judge reviewed the record and found it was Petitioner and not his counsel who refused to interact or communicate concerning witnesses, and that his counsel spent many hours over the course of three days interviewing some of the state's nineteen "civilian" witnesses. The Magistrate Judge found that it is apparent that counsel was working with his hands tied behind his back because of Petitioner's failure to communicate with him and because of his family's animosity toward the court system. As such, the Magistrate Judge found no unreasonable application of the Strickland test by the Ohio Court of Appeals with respect to Petitioner's ineffective assistance of counsel claims, asserted in his first and fourth instance of attorney error.

Petitioner's second ground of error is that counsel did not interview his mother and sister pretrial. However, the Magistrate Judge found that counsel met with them on the day before and the day of the trial, that such last minute preparation was precipitated by Petitioner's refusal to provide the names of alibi witnesses, and that Petitioner did not demonstrate how that earlier or more extensive preparation would have been more fruitful. Similarly, the Magistrate Judge found without merit Petitioner's third ground of error, that counsel failed to adequately prepare Petitioner to testify. The Magistrate Judge found again that any failure to prepare Petitioner was caused by Petitioner's refusal to communicate and cooperate with counsel. Accordingly, the Magistrate Judge found no unreasonable application of Strickland by the Ohio Court of Appeals in rejecting Petitioner's second and third alleged grounds of attorney error.

As his fifth instance of attorney error, Petitioner asserts that defense counsel failed to object to six different statements in the state's closing argument. The Magistrate Judge found that the silence of defense counsel could be viewed as a reasonable trial tactic and does not constitute deficient performance under the first prong of Strickland, and that Petitioner has not demonstrated that the jury's decision would reasonably likely have been different absent his attorney's alleged error in failing to make objections. The Magistrate Judge further found that any such improper remarks were remedied by the judge's limiting instruction to the jury that

7

the final arguments did not constitute evidence.

As his sixth instance of attorney error, Petitioner argues that his counsel failed to request a limiting instruction when the prosecutor posed questions to defense witnesses insinuating that Petitioner was a drug dealer and that Petitioner had attempted to purchase a gun from an individual whom the state could not locate. Defense counsel objected to these questions and the trial judge sustained the objections. During the jury charge at the end of the trial, the court generally instructed the jury not to speculate or make any inferences on the truth of any unanswered questions. The Magistrate Judge found that a more specific curative instruction would have emphasized the unfavorable evidence suggested by the prosecutor's questions, so that counsel was not deficient in failing to request the instruction. The Magistrate Judge further found that Petitioner has failed to demonstrate that the results of the trial would have been different if such limiting instruction had been requested.

As his seventh instance of attorney error, Petitioner alleges that his counsel should have withdrawn from the case due to a conflict of interest arising from threats allegedly made against counsel by Petitioner's brother. The Magistrate Judge found that there was no indication that Petitioner raised such objection until the very end of his trial, and that when he did so, his objection was based on the mistaken understanding that his counsel had filed any complaint about his brother, rather than the state, which had issued

8

an indictment. The Magistrate Judge found that Petitioner has not demonstrated an actual conflict of interest that adversely affected counsel's performance, and therefore that the determination of the Ohio Court of Appeals that such claim was groundless was not an unreasonable application of Supreme Court caselaw, nor in the light of record evidence.

As his eighth instance of attorney error, Petitioner argues that trial counsel failed to call witnesses to testify in his behalf. The Magistrate Judge found such argument lacking in merit as counsel called Petitioner, his mother, and his sister as alibi witnesses, and that testimony of other family members as to his alibi would only have been redundant. The Magistrate Judge found it unlikely that the results of the trial would have been different with the additional testimony of these three witnesses. The determination of the Ohio Court of Appeals, therefore, the Magistrate Judge found, was not an unreasonable application of Strickland, and was not unreasonable in the light of record evidence.

As his ninth instance of attorney error, Petitioner argues that counsel failed to cross-examine the state's witnesses adequately. The Magistrate Judge found reasonable explanations for each alleged inconsistency in the testimony of the state's witnesses, and found that exploration of such inconsistencies could have damaged Petitioner's case rather than helping it. In summary, the Magistrate Judge found that Petitioner failed to demonstrate that defense counsel's cross examination was deficient or that it prejudiced

9

Petitioner's defense.

As his tenth instance of attorney error, Petitioner argues that trial counsel failed to file a motion to suppress the identification of Petitioner in security camera photographs. The Ohio Court of Appeals found such objection "feckless." The Magistrate Judge, having reviewed the evidence, found that there was no evidence that the identification procedure was suggestive with respect to five of the witnesses who identified Petitioner in the photographs. For the witnesses to whom police apparently suggested the photographed individual was Petitioner, the Magistrate Judge found their identification nevertheless reliable because the witnesses were not coerced and they had seen Petitioner often and over a long period of time. Accordingly, the Magistrate Judge reasoned, a pretrial motion to suppress these identifications was most unlikely to succeed, and the results of trial have not been shown by a reasonable probability to have potentially been different. The Magistrate Judge properly concluded that the determination of the Ohio Court of Appeals therefore was neither contrary to nor involved an unreasonable application of <u>Strickland</u>.

Having reviewed the Magistrate Judge's report as to each of the grounds alleged by Petitioner as a basis for an ineffective assistance of counsel claim, the Court finds the Magistrate Judge's recommendation well-taken. Petitioner's objections (doc. 36) are not persuasive to the contrary, and ignore the fundamental facts that show the dramatic extent to which he refused to cooperate with his

counsel. Petitioner is therefore not entitled to habeas corpus relief with respect to his ineffective assistance of counsel claim. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (citing Strickland, 466 U.S. at 687).

### B. Petitioner's Prosecutorial Misconduct Claim

The Magistrate Judge found that Petitioner's claim for prosecutorial misconduct was waived under Ohio's contemporaneous objection rule, under which appellate courts deem any claims of error not objected to at trial as "waived" or procedurally defaulted. The Magistrate Judge found that absent a showing of prejudice or that a fundamental miscarriage of justice will occur if the underlying merits of the claim are not reviewed because he is actually innocent of the offense, Petitioner does not meet the exception that would allow the Court to consider the merits of his prosecutorial misconduct claim.

The Court finds the Magistrate Judge's reasoning correct as to Petitioner's prosecutorial misconduct claim. As the Court finds no ineffective assistance of counsel in this case, Petitioner's argument that such ineffective assistance of counsel can serve to excuse default is not well-taken. Petitioner likewise argues that the fact that there was no cause to excuse the default, somehow conflicts with the Magistrate Judge's finding that Petitioner waived his claim. Petitioner is incorrect. He waived his claim for prosecutorial misconduct. State v. Brown, 528 N.E. 2d 523, 534 (Ohio 1988) cert. denied 489 U.S. 1040 (1989).

11

### C. Petitioner's Claim of Denial of Self-Representation

As his third ground for habeas relief, Petitioner contends that he was denied his Sixth Amendment right to self-representation when the trial court failed to permit him to dismiss his counsel based on a conflict of interest and Petitioner's inability to work with counsel. The Ohio Court of Appeals rejected such claim, finding no evidence in the record that Petitioner even requested to represent himself, but that to the contrary, Petitioner clearly disavowed a desire to proceed pro se. The appellate court found therefore that the trial court could not have deprived Petitioner of his right to self-representation. The Magistrate Judge found the conclusion of the appellate court to be supported by the record, and to be based on a reasonable application of the law and facts. Petitioner raised no persuasive argument to the contrary (doc. 36). The Court concludes that the Magistrate Judge correctly found that Petitioner is not entitled to habeas relief with respect to this third ground for relief.

### III. Conclusion

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds such opinion thorough and well-reasoned. Petitioner is not entitled to habeas relief on any of his various claims for ineffective assistance of counsel, as he has failed to meet the test under Strickland demonstrating that his counsel's performance was deficient or that Petitioner was prejudiced by any alleged deficiency. Rather, the facts show that Petitioner

12

was highly uncooperative, and that his counsel served him well under such difficult circumstances. Petitioner's counsel operated within the "wide range of professionally competent assistance" <u>Strickland</u>, 466 U.S. at 690, and there is no "reasonable probability" that any counsel error would have affected the outcome of the case. <u>Id</u>. at 694.

Petitioner is likewise not entitled to habeas relief for his claim of prosecutorial misconduct, as he waived such claim by failing to assert it at the trial. Finally, Petitioner's claim that he was denied the right to represent himself has no basis in the record.

Proper notice was provided to the Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that he would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The Court further finds that a certificate of appealability should not issue with respect to the dismissal of Petitioner's second claim for relief involving allegations of prosecutorial misconduct in closing argument because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims. A certificate of appealability likewise should not issue with respect to Petitioner's remaining claims because, for the

13

foregoing reasons, Petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding. 28 U.S.C. § 2253 (c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S.Ct. 1029, 1034, 1039-40 (2003)(quoting Slack, 529 U.S. at 483-84)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Finally, with respect to any application by Petitioner for in forma pauperis status for the purposes of pursuing an appeal of this Order, the Court certifies that pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith.

Having reviewed this matter, the Court concludes that the Magistrate Judge's Report and Recommendation is correct. Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 34), AFFIRMS the Magistrate Judge's recommended decision (Id.), and DISMISSES Petitioner's habeas corpus petition with prejudice (doc. 1). The Court further FINDS that a certificate of appealability should not issue with respect to any of Petitioner's claims, as indicated herein. Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore DENIES Petitioner leave to appeal

in forma pauperis.  McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

     SO ORDERED.


Dated: October 30, 2003       s/S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge