UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NAIROBI TEASLEY, | : CASE NO. C-1-00-998 |
| Petitioner, | : (Judge S. Arthur Spiegel) |
| | : |
| vs. | : |
| | : |
| ANTHONY BRIGANO, | : <u>MOTION FOR CERTIFICATE OF</u> |
| Respondent. | : <u>APPEALABILITY</u> |

Now comes Petitioner, by and through counsel, and respectfully requests that this Court issue a Certificate of Appealability on the issue of ineffective assistance of counsel. Respectfully, Petitioner submits he meets the standard required for a Certificate of Appealability to issue.

<u>STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY</u>

The standard for granting a Certificate of Appealability under the AEDPA is identical to the pre-AEDPA standards for a certificate of probable cause, except now an appellant is required to meet the standard for each issue individually. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d at 1073, overruled on other grounds, *Lindh v. Murphy*.[1] "The AEDPA makes no change to the general showing required to obtain a certificate, and essentially make only a change in nomclature from a 'certificate of probable cause' to a 'certificate of appealability'") *See also* 28 U.S.C. §2253.

---

[1] 521 U.S. 320, 117 S.Ct. 2059 (1997)(

1

Petitioner must "make a 'substantial showing of a denial of a federal right.'"[2]

In requiring a 'question of some substance' or a 'substantial showing of the denial of a federal right', obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are 'adequate to deserve encouragement to proceed further'.[3] A certificate is to be issued so long as petitioners claim, "is not legally frivolous." *Id*. 463 U.S. at 894, 103 S.Ct. at 3395. Only when a court is confident that petitioner's claim is squarely foreclosed by statute, rule or authoritative court decision, or is lacking any factual basis in the record of the case," may a court dismiss the claim as frivolous and deny the certificate. *Id*. "We resolve any doubt about entitlement to a COA in favor of granting it." *Sonnier v. Johnson*, 161 F.3d 941 (5th Cir. 1998)

Petitioner submits a Certificate of Appealability should be granted to the issue of *whether Petitioner's right to effective assistance of counsel was violated* in this case. (emphasis added)

Teasley presented documents and testimony which demonstrates trial counsel provided ineffective assistance in the following manner: (1) inadequate

---

[2] *Barefoot v. Estelle*, 463 U.S. 880, 893 103 S.Ct. 3383, 394 (1983) quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971).
[3] *Barefoot*, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4

contact with Teasley; (2) inadequate pretrial investigation; (3) inadequate trial preparation; (4) attempting to represent Teasley while having a conflict of interest which prevents such representation; (5) failure to file any pretrial motion, specifically a motion to suppress the identification.

The First District Court of Appeals did not apply *Strickland* in reasonable manner as required by §2254(d) and *Williams v. Taylor*, 529 U.S. 362 (2000). The decision was based upon an unreasonable determination of facts in light of the evidence presented in State court. *Id*. The Court of Appeals failed to analyze all the claims of ineffective assistance of counsel raised. It also never determined whether the allegations were deficient. It simply looked to a number of allegations and asserted no prejudice existed. This is an unreasonable application of *Strickland* in a manner, which led to Supreme Court reversing the case in *Williams*.

In citing instances in which the Ohio First District Court of Appeals failed to properly apply *Strickland*, Teasley believes *Williams* applies and there is an unreasonable application of *Strickland*. Citing to factually similar cases, Teasley has demonstrated that the issues in this case are truly "*debatable among jurists*."[4]

---

[4] *Johnson v. Baldwin*, 114 F.3d 835 (9th Cir. 1997)(counsel's failure to investigate adequately resulted in a weak and unbelievable alibi); *Baylor v. Estelle*, 94 F.3d 1321 (9th Cir. 1996), *cert denied*, 117 S.Ct. 1329 (1997)(counsel was ineffective for failing to pursue adequate investigation of potential exculpatory evidence); *Crotts v. Smith*, 73 F.3d 891 (9th Cir. 1995)(trial counsel ineffective in failing to object to improper and prejudicial evidence which would have been excluded if objection had been made); *Driscoll v Delo*, 71 F.3d 701 (8th Cir. 1995) *cert denied*, 117 S.Ct. 273 (1996)(counsel ineffective for failure to prepare cross examination); *Williams v. Washington*, 59 F.3d 673 (7th Cir. 1995) (counsel ineffective for failing to interview witnesses not visiting the scene of the crime); *Smith v. Dugger*, 911

The issue of an unreasonable application of *Strickland* in this case is debatable among jurists as demonstrated by the decisions of other courts presented with similar fact patterns. Additionally there remains the issue of an unreasonable determination of facts in light of *Strickland*. This issue was not addressed though raised in Teasley's objections to the Magistrate's report. However, even the Magistrate noted the failure of the state appellate court to consider all the allegations of ineffectiveness. "**The Ohio Court of Appeals addressed some of petitioner's** ineffective assistance of counsel claims as follows:" (R.34, Report and Recommendation at page 10, emphasis added)

INADEQUATE CONTACT WITH TEASLEY

Trial counsel was appointed to represent Teasley on October 24, 1997. Trial was held December 8, 1997. Without the benefit of reviewing discovery, speaking with prior counsel, review the court file or conduct any investigation, counsel visited with Teasley in jail on October 24, 1997. The meeting lasted eighty minutes. During the meeting, the two did not spend the entire time discussing the case. There are no notes of the meeting. Trial counsel does not remember the substance

---

F.2d 494 (11th Cir. 1990)(failed to investigate a motion to suppress evidence critical to state's case); *Chambers v Armontrout*, 907 F.2d 825 (8th Cir.) *cert denied*, 498 U.S. 369 (1990)(counsel failed to interview or call witnesses who supported defense); *House v. Balkcom*, 725 F.2d 608 (11th Cir.) *cert denied*, 469 U.S. 870 (1984)( counsel filed no pretrial motion, did not interview family, did not interview witnesses, made no use of exculpatory evidence tendered by prosecution, did not visit crime scene).

of the meeting. This was their only meeting. He sent Teasley two letters while the case was pending.

All documents from the jail, trial counsel's notes, voucher and letters fully support the fact trial counsel visited with Teasley for eighty minutes without having any information about the case.

During the initial meeting with Teasley, counsel learned Teasley wished to assert an alibi. Nothing in counsel's notes or voucher indicate anything was done by Freeman to investigate this defense other than to send Teasley a letter. Counsel never filed anything in this case. He had no substantive contact with any family member that he can recall.

Trial counsel's failure to prepare for trial invariably tainted his ability to render an adequate trial performance.[5] The failure to make even the most minimal investigations cannot be viewed as a strategic decision.[6] The failure to meet with and prepare a client to testify does not meet the standard of competent representation.[7] Trial counsel has an **ongoing duty to advise even a non-cooperative client**.[8]

Discovery was not completely furnished until after December 5, 1997. Trial began December 8, 1997. Counsel issued no subpoena in this case. He filed no

---

[5] *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).
[6] *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).
[7] *Turner v. Duncan*, 158 F.3d 449 (9th Cir. 1998).
[8] *Johnson v. Singletary*, 162 F.3d 630 (11th Cir. 1998)(emphasis added)

5

motion. He did not speak with any witness for the defense prior to trial. He did not try to learn of what witnesses were available to testify. Upon learning of an additional witness to support an alibi, counsel made no attempt to contact her. While his notes indicate the witness's account conflicted with Teasley's alibi, trial counsel did nothing to investigate if the two could be reconciled. He did not even speak with Teasley about this development. Without assessing the credibility of any witness before trial, counsel did nothing to prepare.

The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client[9] Trial counsel was the counsel of choice by the trial court, *not* Teasley. While stating his loyalties were to the client, they in fact were to the trial judge. The arrangement concerning remaining on the case was made with the trial judge. The discussion on how the indictment affected his staying on the case included the trial judge, but not the client. The information about the indictment itself was shared between the trial judge and counsel, but not the client. Counsel, in his actions and inactions, demonstrated the lack of loyalty to the interests of the client while protecting the interests of the trial judge.

Counsel admitted Teasley wanted him off the case and Teasley demanded the same in open court. Unwanted counsels "represent" the defendant only through

---

[9] . *Von Moltke v. Giles*, 332 U.S. 708, 725, 68 S.Ct. 316 (1948).

6

a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the constitution, for, in a very real sense, it is not his defense.[10] There was no acquiescence, only protest by Teasley.

In addition, there existed a real conflict with Teasley's brother as a witness prepared and available to testify. Counsel was listed as the alleged victim of John Teasley in a criminal indictment and the court was made aware of by Teasley's protests to have counsel not serve as his lawyer.

The trial judge had a legal obligation to make a full inquiry into the conflict present.[11] In this case, the trial judge's desire was to keep counsel on the case *despite* the wishes of Teasley. Additionally, counsel's complete lack of pretrial investigation made an inquiry into any conflict difficult because Freeman had failed to investigate the case and prepare for trial.

In *Holloway v. Arkansas* the judge was obligated to inquire into the risk of a prospective conflict.[12] This reading is confirmed by the *Cuyler* Court's subsequent terminology: Because the trial judge in *Cuyler* had had no duty to inquire into "a particular conflict" upon notice of multiple representation alone, the convicted defendant could get no relief without showing "actual conflict" with "adverse

---

[10] *Farretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975).
[11] *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708 (1980); *Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097 (1981).
[12] 435 U.S. 475. 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978)

effect."[13] Of course, a judge who gets wind of conflict during trial may have to inquire in both directions; prospectively to assess the risk of conflict if the lawyer remains in place; if there is no such risk requiring removal and mistrial. Conversely, the judge may have to inquire retrospectively to see whether a conflict has actually adversely affected the defendant.

Trial counsel's performance when viewed in the correct manner as dictated by *Strickland* and *Williams* clearly demonstrates the Ohio Court of Appeals determination was unreasonable. The representation by trial counsel was deficient and served to the prejudice of Teasley. Because the state court of appeals determination was an unreasonable one, there should not have been any deference given to the state decision. The Writ should have issued on this issue.

WHEREFORE, Nairobi Teasley respectfully requests this Court grant a Certificate of Appealability on the issue of ineffective assistance of counsel.

Respectfully submitted,

**S/William R. Gallagher**
**WILLIAM R. GALLAGHER (0064683)**
Attorney for Petitioner
Arenstein & Gallagher
The Citadel
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 651-5666
Fax: (513) 651-5688
Email: wrg35@aol.com

---

[13] 446 U.S. at 347-350.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to M. Scott Criss, Assistant Attorney General.

>    **S/William R. Gallagher**
>    **WILLIAM R. GALLAGHER (0064683)**
>    Attorney for Defendant
>    Arenstein & Gallagher
>    The Citadel
>    114 East Eighth Street
>    Cincinnati, Ohio 45202
>    (513) 651-5666
>    Fax: (513) 651-5688
>    E-mail: wrg35@aol.com