UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NAIROBI TEASLEY, | : | NO. 1:00-CV-00998 |
| | : | |
| Petitioner, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BRIGANO, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court on Petitioner's Motion for Certificate of Appealability (doc. 41).

Although the Court issued an order on October 23, 2003 denying a certificate of appealability "with respect to any of Petitioner's claims" (doc. 39), Petitioner brings the present motion premised on the theory that the Magistrate Judge and the Court did not specifically address his ineffective assistance of counsel claim in denying a certificate of appealability ("COA") (doc. 41).

The Court notes that the filing of a notice of appeal normally divests the district court of jurisdiction over matters subject to the appeal, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)(per curiam).  However, as Rule 22(b) of the Fed. R. App. P. provides that a district court judge or a circuit judge may issue a COA, because a COA is a threshold prerequisite to an appeal, and because this Order merely clarifies the intent of its October 30, 2003 Order, the Court finds it in the interests of justice and judicial economy in this instance to consider

Petitioner's Motion.

Petitioner argues that his right to effective assistance of counsel was violated in this case due to his lawyer's 1) inadequate contact with him, 2) inadequate pretrial investigation, 3) inadequate trial preparation, 4) attempting to represent him while having a conflict of interest, and 5) failure to file any pretrial motion (doc. 41). Petitioner argues that he has demonstrated that such issues are debatable among jurists of reason; he argues a court could resolve such issues in a different manner (Id.).

As articulated in its October 30, 2003 Order, the applicable standard for an ineffective assistance of counsel claim is articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, in this instance, Petitioner must show that a jurist of reason could find that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. The Magistrate Judge parsed through each of Petitioner's ten grounds for ineffective assistance of counsel, and found them lacking in merit. This Court already found that Petitioner's objections are not persuasive, and that he is ignoring "the fundamental facts that show the dramatic extent to which he refused to cooperate with his counsel" (doc. 39). Although Petitioner complains that his trial counsel only met with him once, for eighty minutes, Petitioner fails to acknowledge that he refused to communicate and cooperate with counsel. The Magistrate Judge found that Petitioner's trial counsel's performance was not deficient, but rather that trial counsel was working with his hands tied behind his back because of Petitioner's failure to communicate with him and because of

2

Petitioner's family's animosity toward the court system. The facts show that Petitioner's counsel worked professionally under difficult circumstances. The Court does not find that reasonable jurists could differ as to the finding that Petitioner's counsel adequately represented Petitioner. Consequently, the Court FINDS that a certificate of appealability should not issue with respect to any of Petitioner's claims, including his ineffective assistance of counsel claim. The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore DENIES Petitioner leave to appeal *in forma pauperis*. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

       SO ORDERED.

Dated: February 3, 2004       /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge